LATHROP and wife *vs.* SMALLEY'S EXECUTORS.

1. A *cestui que trust* is entitled to have the interest on the fund held in trust for her paid to her yearly, without any deductions for commissions, until commissions are allowed and settled by the proper court.

2. A trustee who uses the trust fund in his own business, like any other debtor, must seek the *cestui que trust* to pay the interest.

3. A trustee who, contrary to the directions of the will, fails to invest the fund, and in flagrant violation of the trust, uses the money in his own business, is not entitled to commissions.

4. The trustee using the trust fund having retained the interest, must pay interest upon it from the day it became due.

5. A trustee will not be removed for every violation of duty. For acts done in bad faith, or that have diminished or endangered the trust fund without bad faith, it is the duty of the court to remove him.

6. But when it appears that the trustee is a responsible man, of large property, and engaged in no hazardous business, and that the fund has not been in any danger, and that he supposed the money was safe in his hands as in any investment he could make, and that retaining it would save expenses to the fund, his good faith is not impeached, and he will not be removed.

7. Whether a co-trustee who has paid no attention to the fund, but left its administration entirely in the hands of the acting trustee, will be removed, depends upon the conduct of the acting trustee. Under the circumstances of this case, he will not be removed.

8. Vexatious and troublesome conduct on the part of a trustee may be good ground for removing him from the trust, but held insufficient for that purpose in this case.

9. The fund must be invested on bond and mortgage at the highest rate of interest allowed by law, if such investment can be procured, and so as not to be subject to taxes if the trustee resides in a part of the state where such exemption exists.

10. Costs to be paid by trustees out of their own estate.

Argued upon final hearing, upon pleadings and proofs.

*Mr. A. V. Schenck,* for complainant.

*Mr. Adrian,* for defendants.

THE CHANCELLOR.

The complainant, Jane Lathrop, by the will of her father, John A. Smalley, is entitled to the interest of $2400, which the testator directed his executors to put out and keep at interest for her use and benefit; the interest to be paid to her yearly during her natural life; the principal to be paid to her children after her death. The defendants were appointed executors of the will; they proved it, and assumed its execution. After the settlement of the account of the executors, the amount directed to be invested for Mrs. Lathrop was left in the hands of Abraham Smalley, one of the executors, who was the son of the testator; the other executor, David A. Smalley, who was a brother of the testator, relinquished all charge of it to him, and has not since intermeddled in any way with it.

Abraham Smalley did not invest this money held in trust for Jane Lathrop, but retained it in his own hands, mingled with his own property. He paid Mrs. Lathrop the interest due her to July 20th, 1869. Since which time, more than two years before the filing of the bill, he paid her no interest. He refused to pay it until the amount of commissions, which he claimed out of it, was settled and ascertained, so that he might retain it.

On the 16th of January, 1860, before which there had been disputes and litigation between the parties as to this matter, an agreement was entered into and executed under seal, by which the amount then in the hands of the defendants, in trust for Mrs. Lathrop, on which she was entitled to receive interest, was fixed and settled to be $1800; this was exclusive of $600, which was to be added to the fund at the death of her mother, Mary Smalley, which took place in 1866. That agreement contained a provision that the defendants "shall be entitled to claim and shall be allowed all such commissions for taking care of and managing the said trust moneys as the court, before which they may settle their accounts, shall consider that they are entitled, according to law."

After the death of Mary Smalley, the defendant, Abraham Smalley, exhibited in the Orphans Court of Middlesex county, an account of the sum of $3000, given by the will in trust for her during her life, and after her death to be divided equally among the five children of the testator. On this, as audited by the surrogate, commissions were allowed. The court, on exceptions, refused to allow either commissions or charges of settling the account, holding that as this was a specific legacy charged upon the real and personal estate of the testator, which was given to the executor and his brothers, and as commissions had been allowed on the whole estate, including this $3000, they could not be again allowed.

In December, 1870, Abraham Smalley exhibited an account in the Orphans Court of the trust estate in his hands for Jane Lathrop, and in it charged $77.76 for commissions, at six per cent. on $1296, the interest which had accrued on these trust moneys since the settlement of July 20th, 1869. To this account the complainant excepted, and no further proceedings appear to have been had in the matter.

The complainant was entitled to have the interest on the sum held in trust for her paid to her yearly, without any deductions for commissions, until commissions had been allowed and settled by the proper court. This is the rule of law without any agreement, and the provision on this point in the agreement above stated, accords with the rule of law. This interest was not paid to her; it was demanded, and payment refused. The question whether in such case a trustee is bound, like a debtor, to seek the *cestui que trust* and tender the interest, or the *cestui que trust* is obliged to call on the trustee, does not arise in this case. An actual demand has been proved. And besides that, in this case the trustee having used the money himself, owes the interest, and, like any other debtor, must seek his creditor and offer payment. The complainants are entitled to maintain this suit for the interest in arrear.

The claim of the defendant for commissions is properly before this court for determination. He clearly was not en-

titled to commissions on the principal, as held by the Orphans Court. But the claim for commissions on the interest is not within the principle of that decision. As a trustee holding a fund to be invested, in trust to collect and pay over the interest to the complainant, I am of opinion that he would be entitled to commissions if he had performed his trust. But he has not performed the trust. Contrary to the express directions of the will, he has not put out and kept at interest the principal, but in flagrant violation of his trust, has used the money in his own business, without any security given for it. Nor has he paid the interest yearly, but on a petty question in dispute, whether he should be allowed his commissions yearly, he has kept from the *cestui que trust* the whole income, it may be to her great annoyance.

The settled rule is, that no commissions will be allowed a trustee guilty of such a breach of trust. It was so held in the case of *McKnight's Ex'rs* v. *Walsh, ante p.* 136, upon the authorities cited in the opinion. In that case McKnight, though he retained the money, had placed in the hands of a person selected by the father of the infant *cestui que trust* as security, an amount of stock unquestionably sufficient. But he was held not to be entitled to commissions, on the ground of breach of trust by not investing the moneys; and also on another ground, which exists in this case, that he had done nothing as trustee to earn commissions. He retained the trust fund in his own hands, and when he paid the interest he paid it as debtor, and was no more entitled to commissions than he would have been upon paying his interest to a stranger on money borrowed.

The trustee having retained the interest after it was due, is bound to pay interest upon it from the day it became due, on the 20th of July in each year, and the account must be stated accordingly.

Another question is as to the removal of the trustee. Courts of equity have power to remove trustees for neglect or breach of duty, but it is a power to be exercised in each case by the discretion of the court. The trustee, David A. Smalley,

has personally paid no attention to this trust, but left it to his co-trustee, Abraham Smalley. This often is and must be done for the proper administration of the trust. One of two trustees can often better discharge the trust than two, and if the acting trustee in such case has properly discharged the trust, the other will not be removed for this. But if one trustee abandons it to another, who violates the trust, squanders the funds, or uses them in his own business without security, and such conduct is known to him, he is as guilty of a breach of trust as the acting trustee, and, like him, can be removed for such conduct. Here it is shown that David had knowledge of the conduct of his co-trustee in this trust and did not interfere, therefore the whole question is as to the conduct of the acting trustee.

A trustee will not be removed for every violation of duty. For acts done in bad faith, or that have diminished or endangered the trust fund without bad faith, it is the duty of the court to remove him. Here it appears that the trustee is a responsible man, of large property, and engaged in no hazardous business, and that the fund has not been in any danger, and it is easy to conceive that he supposed the money was as safe in his hands as in any investment he could make, and that retaining it would save expenses to the fund. I cannot consider that his good faith is impeached.

In some matters his conduct seems to have been vexatious and troublesome, but not so much so that it could not be explained by the circumstances, if they were all before me; and, on the whole, this is not sufficient for removing him from the trust.

The trustees will not now be removed; but if the neglect of performing their duties is continued, the denial of this relief is without prejudice to a future application. It is the duty of the trustee to invest this money on bond and mortgage, or in securities of this state or of the United States; and it must be invested, if on mortgage, at the highest rate of interest allowed by law, if such investment can be procured, and so as

not to be subject to taxes, if the trustee resides in the part of the state where such exemption exists.

There is no controversy as to the amount of the principal of the trust fund, and there is no necessity for an account being taken of it. The complainant is entitled to a decree for the two yearly installments of interest on the fund of $2400 at seven per cent., that have become due since July 20th, 1869, with interest on each from the day when it became due. If the parties agree upon the amount, there is no necessity of the expense or delay of a reference to a master.

The decree must be with the costs of the complainants, to be paid by the defendants out of their own estates.